*424 The point for the determination of the court at present is oil a clause in the will of J. Collins, in the following words: “ I give and bequeath to Mrs. M. Hallone the following negroes, viz. Dolly and child, Nanny, Ac. during the life of the said Mrs. Hallone, and that of her husband H. Hallone, and should the said Mrs. H. have heirs of her body, then to the said heir oi* heirs; but in case of no heir or heirs, then I give the said above mentioned negro slaves, and their increase, unto the eldest son of Dr. M‘ Gregor, and the eldest son of Alexander M‘Gregor; in case there be no sons, then to the daughters.”
The defendant the executor by his answer, admits that testator made his will in 1786, with such bequest as in hill mentioned: that testator died in 1789. That defendant alone proved the will and qualified, asid is ready to deliver up the negroes, if the complainant will give security for their being returned at her death, in case the court should not think her absolutely entitled to them. At the same time he fully admits that it was the testator’s *425 intention alxe shou] d li ave a li fe estate I n them even if she had sio children. He then states that H« the hushand was a witness to the will. A question arises, whether the legacy to Ms wife is not void, agreeable to the statute 25 Geo. II. which makes void any devise or bequest of real or personal estate, to any person who becomes a subscribing witness to such will. It was contended, that H. and liis wife took an estate for their joint lives, and that by IPs death, his wife’s ectate was at an end; But that even admitting that was not the case, he took a beneficial interest in such bequest to his wife; and being a subscribing witness to the will, the bequest was void under the words of the statute, St is manifest from the words of the bequest, that the testator had no intention of giving any estate whatever to H. the husband; the negroes feeing expressly bequeathed to Mrs. IL during her life time, and the life other husband, with remainder to her heirs. To construe the bequest in the manner contended for, would be to frustrate the intention of the testator altogether; for as complainant was not to have the negrees until a legacy of lOOOi. to another person was raised by crops to be made cut of the estate the death of H. before that period would prevent the lego cy from ever vesting. The court was of opinion there - fore, that as H. would have..taken only a beneficial interest in the negroes during his wile's life, no estate einiec fey intention or construction being bequeathed to him,' and as there can ho no doubt hut that he would have Inns a beneficia] interest in the negroes, ilie moment they were, delivered over, so if he had made the present application agreeable to the words of the statute the cc*a.i mcni hat r determined against him. H. is now dead, and for aught that appears to the court was dead, when the will was proved; fox-it was proved fey Bechet, one of the. other witnesses, who is confessedly totally disinterested. The single question then is, whether the bequest is so utterly void from the drcumsiar.ee of M’s being a witness, that th** court cannot decree a delivery of the negroes,* agreeable to the testator’s intention ? This is a specific bequest of a personal chattel. It did not vest immediately on testa tor’s death, hut required the cx^ciiry/:''’ rvsci::v befe-re V *426 could vest; and such assent was never formally given. — r rphe has been proved in a court of competent juris-(|;c^on hy a disinterested witness. The bequest, so far from being contested by the executor, has been admitted by him to have been his testator’s intention: And had this |CgaCy been sued for in the court where the will was proved, it must have been adjudged to complainant. All presumption of fraud or imposition is taken away by the testator’s having lived near three years after the execution of the will. The case of Ansty and Dowsing, reported in Strange, which is said to be a very singular case, and gave rise to the ¿Statute above mentioned, does not apply. There the legacy was expressly given to the witness himself, and the establishing the will would have defeated the heir at law’s title to the real estate: but the case has been much shaken by subsequent adjudications since the passing Of the act. This is a bequest of a personal chattel, which in no event can affect the real estate. It would have been good without any witness at all; and two oí them were competent witnesses, one of whom proved it. Shall then the accident of a third person signing it, who might have been (but who is now dead, and therefore cannot be) benefited by it, totally frustrate the* intention of the testator, and deprive tne complainant of his bounty ? Surely not. Under all the circumstances of this case, and the particular mode in which this bequest is made, the courtis of opinion that the estate being given expressly to Mrs. M. H. the complainant, to take effect at a distant period, viz. the raising a sum of money for .ano-, thcr person out of the estate, the interest which her husr-band had was a contingent one, and barely possible: That as no act of his gave efficacy to the will, but it was proved hy witnesses altogether competent, therefore the statute can have no operation in this case; but that the bequest is a good one, and complainant is well entitled to the ne-groes.
*425 SEPTEMBER, 1794.
*426 Decree that the executor, who is defendant, deliver to her the negroes, agreeable to the will of the testator, together with the increase.
Costs to be paid out of the estate.